UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| 8SPEED8, INC., and VIBE MICRO, INC., | Case No. 2-16-cv-01531-MMD |
| Appellants, | ORDER |
| v. | |
| SNELL & WILMER, LLP, *et al.*, | |
| Appellees. | |

## I.    SUMMARY

Before the Court is Appellants 8Speed8, Inc. ("Debtor") and Vibe Micro, Inc.'s ("VMI") appeal from the United States Bankruptcy Court for the District of Nevada's ("Bankruptcy Court") June 3, 2016, order ("Order") denying Appellants' motion to show cause on fraud on the court and for sanctions ("Show Cause Motion").[1] The Court has reviewed Appellants' opening brief (ECF No. 10), Appellees' response (ECF No. 13), and Appellants' reply (ECF No. 15.) Based on the reasoning set forth below, the Court reverses the Bankruptcy Court's Order.

## II.    BACKGROUND

Debtor is a Nevada corporation formerly in the business of developing a payment services kiosk system. (ECF No. 10 at 10-11.) One of Debtor's shareholders, Appellee SIG Capital ("SIG"), filed a chapter 7 involuntary petition for relief against Debtor on

---

[1] Appellants filed a motion to exceed page limits attached to the Show Cause Motion in the Bankruptcy Court. (ECF No. 10 at 7.) The Bankruptcy Court denied both motions. (ECF No. 11-2 at 76.)

December 13, 2013, thereby commencing the bankruptcy action. (*Id.* at 11.) VMI, another of Debtor's shareholders, filed a motion on behalf of Debtor seeking dismissal, summary judgment, or abstention on January 10, 2014. (*Id.* at 12.) VMI also sought actual and punitive damages, including attorneys' fees and costs, against SIG. (*Id.*)

The Bankruptcy Court granted VMI's request for dismissal but denied VMI's request for damages, fees, and costs on September 15, 2014, finding that VMI lacked standing to seek such relief on behalf of Debtor. (*Id.*) VMI appealed the dismissal order to the District of Nevada on September 30, 2014 ("Nevada Appeal"). (*Id.* at 13.) The District of Nevada affirmed the Bankruptcy Court's decision on May 22, 2017. *Vibe Micro, Inc. v. SIG Capital, LLC*, No. 2:14-cv-01618-RFB, 2017 WL 2225569, at *4 (D. Nev. May 22, 2017).

While the appeal to the District of Nevada was pending, VMI filed a RICO case ("Florida RICO Case") against Appellees and other defendants in the District of Florida on July 20, 2015, based on alleged "'acts of obstruction of justice, bankruptcy fraud, conspiracy, wire fraud, and threats of murder' that occurred 'both during and after the dismissal of the [Bankruptcy Case].'" (ECF No. 10 at 15 (quoting ECF No. 11-1 at 106).) The District of Florida dismissed VMI's First Amended Complaint on December 4, 2015, with leave to file a Second Amended Complaint. (ECF No. 11-2 at 123.) The District of Florida then dismissed VMI's Second Amended Complaint with prejudice on July 18, 2016. (*Id.* at 127-28.)

While the Nevada Appeal and Florida RICO Case were pending, VMI and Debtor filed the Show Cause Motion in the Bankruptcy Court, on January 27, 2016. (ECF No. 10 at 16.) The Bankruptcy Court denied the motion on June 3, 2016, finding that the court lacked jurisdiction to consider the Show Cause Motion. (ECF No. 11-2 at 76-82, 86.) Appellants now appeal the Bankruptcy Court's Order.

## III.    STANDARD OF REVIEW

A bankruptcy court's conclusions of law are reviewed *de novo*, "including its interpretation of the Bankruptcy Code," and its factual findings are reviewed for clear error. *In re Rains*, 428 F.3d 893, 900 (9th Cir. 2005); *In re Salazar,* 430 F.3d 992, 994 (9th Cir.

2005). The bankruptcy court's factual findings are clearly erroneous only if the findings "leave the definite and firm conviction" that the bankruptcy court made a mistake. *In re Rains*, 428 F.3d at 900. "A bankruptcy court abuses its discretion if it applies the law incorrectly or if it rests its decision on a clearly erroneous finding of a material fact." *In re Brotby*, 303 B.R. 177, 184 (B.A.P. 9th Cir. 2003). In reviewing a bankruptcy court's decision, this Court ignores harmless errors. *In re Mbunda*, 484 B.R. 344, 355 (B.A.P. 9th Cir. 2012). The Court may affirm the bankruptcy court's decision "on any ground fairly supported by the record." *In re Warren*, 568 F.3d 1113, 1116 (9th Cir. 2009). In addition, the Court need not address arguments not raised in the trial court but "may do so to (1) prevent a miscarriage of justice or to preserve the integrity of the judicial process, (2) when a change of law during the pendency of the appeal raises a new issue, or (3) when the issue is purely one of law." *In re Lakhany*, 538 B.R. 555, 560 (B.A.P. 9th Cir. 2015).

## IV.    DISCUSSION

### A.    Claim Preclusion

Appellees contend that the District of Florida's decision dismissing VMI's Second Amended Complaint has preclusive effect on the Show Cause Motion, thereby mooting this appeal. (ECF No. 13 at 17.) Debtor and VMI counter that the only forum available for raising the issue of sanctions in connection with Appellee's conduct during the bankruptcy action is the Bankruptcy Court. (ECF No. 15 at 9-10.) The Court agrees with Debtor and VMI. "An exception to the general rule of claim preclusion exists where '[t]he plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of limitations on the subject matter jurisdiction of the courts.'" *Feminist Women's Health Ctr. v. Codispoti*, 63 F.3d 863, 869 (9th Cir. 1995) (quoting Restatement (Second) of Judgments § 26(1)(c)). The District of Florida lacked subject matter jurisdiction to consider sanctions against Appellees for their conduct relating to the bankruptcy action. *See Trulis v. Barton*, 107 F.3d 685, 694 (9th Cir. 1995) ("[T]he district court did not have power to sanction conduct that occurred in a different court in a different case."). Accordingly, claim preclusion does not render this appeal moot.

3

### B. Bankruptcy Court's Jurisdiction

Turning to the merits of this appeal, Debtor and VMI argue that the Bankruptcy Court erred in concluding that it lacked subject matter jurisdiction to consider the Show Cause Motion. (ECF No. 10 at 19.) The Bankruptcy Court concluded that it lacked subject matter jurisdiction for three reasons: because the bankruptcy action had been dismissed, because the Nevada Appeal was pending, and because the Florida RICO Case was pending. (ECF No. 11-2 at 77-80, 86.)

The bankruptcy action's dismissal did not deprive the Bankruptcy Court of jurisdiction over the Show Cause Motion because bankruptcy courts retain jurisdiction after dismissal "over related, post-closing motions, such as requests for sanctions." *In re Menk*, 241 B.R. 896, 912 (B.A.P. 9th Cir. 1999); *see also In re Johnson*, 346 B.R. 190, 194 (B.A.P. 9th Cir. 2006).

Nor did the pendency of the Nevada Appeal deprive the Bankruptcy Court of jurisdiction over the Show Cause Motion. *See United Energy Owners Comm., Inc. v. U.S. Energy Mgmt. Sys., Inc.*, 837 F.2d 356, 358 (9th Cir. 1988) (finding that a district court had jurisdiction to impose sanctions while the plaintiff's appeal from the judgment of dismissal was pending). The Bankruptcy Court based its decision on a determination that the subject of the Show Cause Motion was intertwined with the subject of the Nevada Appeal (ECF No. 11-2 at 77-78), but there was no such entanglement. VMI and Debtor appealed the Bankruptcy Court's dismissal order based on the Bankruptcy Court's determination that VMI lacked standing to seek damages and attorneys' fees and costs on behalf of Debtor. (ECF No. 10 at 13-14.) By contrast, VMI and Debtor's Show Cause Motion related to Appellee's alleged violation of the Bankruptcy Court's orders during the bankruptcy proceeding—not whether VMI had standing to seek damages and attorneys' fees and costs for SIG's filing of the involuntary petition. (*Id.* at 15-16.)

Finally, while the pending Florida RICO Case might have constituted grounds for *abstention*, Appellees have failed to explain how the pending Florida RICO Case would deprive the Bankruptcy Court of *jurisdiction*.

Accordingly, the Court finds that the Bankruptcy Court erred in concluding that it lacked jurisdiction to consider the Show Cause Motion.[2]

## C.    Harmless Error

Appellees essentially argue that the Bankruptcy Court's error regarding jurisdiction is harmless because the Order can be affirmed on other grounds. (*See* ECF No. 13 at 35-36.) While the Court may affirm the Bankruptcy Court's Order "on any ground fairly supported by the record," *In re Warren*, 568 F.3d at 1116, the Court cannot affirm on any of the grounds Appellees put forth for the reasons described below.

### 1.    Sufficiency of Show Cause Motion

Appellees first argue that VMI and Debtor's Show Cause Motion was so deficient that the Bankruptcy Court would have been compelled to deny it. (ECF No. 13 at 36-39, 40-44.) Appellees contend that the Bankruptcy Court had discretion to refuse to consider the Show Cause Motion because it was unintelligible, exceeded the page limit, and gave the court no basis to enter an order to show cause. (*Id.*) Appellees characterize the Show Cause Motion as "a rambling, repetitive, and unintelligible recitation of bald allegations unsupported by any relevant evidence followed by a laundry list of citations to various provisions of Title 28 and the Bankruptcy Code without regard to relevance and without regard to when, how, and by whom each provision was allegedly violated." (*Id.* at 36-37.) While the Show Cause Motion could be clearer, it includes cogent statements describing alleged violations of the automatic stay imposed by 11 U.S.C. §§ 362 and 363. (*See, e.g.*, ECF No. 11-1 at 52 ("The alleged debtor's corporate insiders then transferred the alleged debtor's assets consisting of business opportunities, kiosk manufacturing, designs, ideas, customer contacts and other intangible 'data dump' from the alleged debtor to its competitor Payteller; all without notice to the bankruptcy court and in direct violation of the

---

[2]Appellants further argue that the Bankruptcy Court erred by assuming that Debtor was not a movant for the purposes of the Show Cause Motion. (ECF No. 10 at 18.) However, even if the Bankruptcy Court assumed that Debtor was not a movant, Appellants have not argued or demonstrated that this purported mistake was relevant to the Bankruptcy Court's decision or amounts to anything more than harmless error. (*See id.*) Accordingly, the Court finds this argument non-dispositive. *In re Mbunda*, 484 B.R. at 355.

5

automatic stay in violation of 11 USC § 362 and 11 USC § 363 of the Bankruptcy Code.") (citation omitted); *id.* at 90-91 ("The alleged debtor corporate insiders, ISS Management, and the Law Firm violated the automatic stay by the acquisition of ISS Management during the bankruptcy proceedings without filing a motion to approve the transaction or otherwise disclosing an interest in ISS Management during the bankruptcy proceedings. This is a direct violation of the automatic stay provisions of 11 USC §§ [sic] 362 and 11 USC § 541(7).").) Moreover, the Bankruptcy Court could have addressed problems with the form of the Show Cause Motion by denying with leave to amend or requesting supplemental briefing. Consequently, the Court finds Appellees' argument as to the sufficiency of the Show Cause Motion unpersuasive.

### 2. Criminal Contempt Authority

Appellees further argue that the Bankruptcy Court would have been required to deny the Show Cause Motion because the Bankruptcy Court lacks authority to enter an order of criminal contempt. (ECF No. 13 at 39.) However, the Show Cause Motion contemplated civil contempt in addition to criminal contempt. (ECF No. 15 at 13; *see also* ECF No. 11-1 at 93.) Given that the Bankruptcy Court had authority to grant at least some of the relief requested in the Show Cause Motion, Appellees' argument is unpersuasive.

### 3. *Colorado River* Abstention

Appellees further argue that the Bankruptcy Court could have abstained from deciding the Show Cause Motion under the *Colorado River*[3] doctrine based on the pendency of the Florida RICO Case. (ECF No. 13 at 44.) Even if the Bankruptcy Court could have abstained, however, there is no longer any basis for abstention because the Florida RICO Case has concluded. Thus, the Court cannot affirm the Bankruptcy Court on the ground that it could have abstained.

///

///

///

---

[3]*Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800 (1976).

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of this appeal.

It is therefore ordered that the Bankruptcy Court's denial of Appellants' Show Cause Motion is reversed. This case is remanded to the bankruptcy court for further proceedings consistent with this decision.

DATED THIS 9th day of March 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE